UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARCO D. DUNCAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1032 (GK) |
| | ) |
| **DRUG ENFORCEMENT ADMIN.** | ) |
| **&** | ) |
| **U.S. MARSHALS SERVICE**, | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO COMPLAINT

Defendants, United States Drug Enforcement Administration (DEA) and United States Marshals Service (USMS), answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted and/or Plaintiff has failed to exhaust his administrative remedies.

### SECOND DEFENSE

No records have been improperly withheld within the meaning of the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552, or the Privacy Act, 5 U.S.C. § 552a.

### THIRD DEFENSE

Neither DEA nor the USMS is an "agency" within the meaning of 5 U.S.C. §§ 552(f)(1) or 552a(a)(1) and, therefore, they are not proper parties to this action.

### FOURTH DEFENSE

Defendant responds to the numbered paragraphs in the Complaint as follows:

1.   The paragraph consists of Plaintiff's legal conclusions and a characterization of

this case, to which no answer is required, to the extent an answer is required, deny. Defendants deny that DEA ignored Plaintiff's FOIA request.

2. Denied. No records have been improperly withheld, thus the Court lacks subject matter jurisdiction over this case and/or Plaintiff's Complaint fails to state a claim.

3. Denied, except to admit that Plaintiff is a federal prisoner incarcerated in the United States Penitentiary in Atwater, California.

4. Deny that the DEA and the United States Marshals Service are agencies within the meaning of the FOIA and Privacy Act and thus deny that they are subject to suit under those statutes. To the remainder of the allegations, deny.

5. Sub-paragraphs I, II, III, IV, VII, X, XI, XIII, XV, XVII, XX, XXI, XXII, XXIV and XXVII do not apply to the USMS. To the extent a response is required as to the USMS, denied.

Paragraph I. DEA has insufficient knowledge to admit or deny. Admit that by letter dated July 14, 2004, Plaintiff requested information about himself from DEA. Plaintiff's request letter is the best evidence of its contents.

Paragraph II. Admit that by letter dated July 22, 2004, DEA acknowledged Plaintiff's request, assigned the request DEA FOIA Request No. 04-1519 and informed him that it would be handled in approximate order of receipt. The acknowledgment letter is the best evidence of its contents.

Paragraph III. Admit.

Paragraph IV. Admit that by letter dated July 5, 2005, Plaintiff requested information about himself from DEA. That letter is the best evidence of its contents.

Paragraph V.  Deny, except to admit the USMS' receipt of a letter from Plaintiff dated October 18, 2005.  The Court is respectfully referred to that letter as the best evidence of its contents.

Paragraph VI.  Deny, except to admit the USMS' receipt of a letter from Plaintiff dated October 18, 2005.  The Court is respectfully referred to that letter as the best evidence of its contents.

Paragraph VII.  Admit that by letter dated July 28, 2005, DEA acknowledged Plaintiff's request, assigned the request DEA FOIA Request No. 05-1295 and informed him that it would be handled in approximate order of receipt.  The acknowledgment letter is the best evidence of its contents.

Paragraph VIII.  Admit.

Paragraph IX.  Admit.

Paragraph X.  Admit that by letter dated September 8, 2005, DEA informed the Plaintiff that the information he requested was previously processed and released to him pursuant to DEA FOIA Request No. 04-1519 and no further action would be taken.  The letter is the best evidence of its contents.

Paragraph XI.  Admit that by letter dated October 17, 2005, Plaintiff appealed the DEA determination to the Department of Justice Office of Information and Privacy (OIP).  The Plaintiff's letter is the best evidence of its contents.

Paragraph XII.  Admit.

Paragraph XIII.  Admit that by letter dated October 28, 2005, OIP acknowledged receipt of the Plaintiff's  appeal.  The OIP letter is the best evidence of its contents.

Paragraph XIV. Deny, except to admit that Plaintiff submitted a letter November 2, 2005, to the Office of Information and Privacy (OIP).  That letter is the best evidence of its contents.

Paragraph XV.  Admit that by letter dated November 15, 2005, DEA informed Plaintiff that it had received a referral of documents from the United States Marshal Service (USMS).  The DEA letter is the best evidence of its contents.

Paragraph XV.  Defendants lack sufficient knowledge to admit or the deny the allegations.

Paragraph XVI.  Admit.

Paragraph XVII.  Admit that by letter dated December 15, 2005, DEA informed the plaintiff that it had completed its review of the referral from USMS, and forwarded portions of 3 pages to the plaintiff.  The referenced letter is the best evidence of its contents.

Paragraph XVIII.  Admit.

Paragraph XIX. Admit.

Paragraph XX.  Admit that by letter dated January 5, 2006, DEA informed the plaintiff that it had received a referral of documents from the USMS .  The letter is the best evidence of its contents.

Paragraph XXI.  Defendants lack sufficient knowledge to admit or the deny the allegations.

Paragraph XXII.  Admit that by letter dated January 17, 2006, Plaintiff inquired about the status of his DEA and USMS appeals.  The letter is the best evidence of its contents.

Paragraph XXIII.  Admit.

Paragraph XXIV.  Admit that by letter dated February 7, 2006, OIP updated the Plaintiff

regarding the status of his DEA and USMS appeals. The OIP letter is the best evidence of its contents.

Paragraph XXV. Admit that by letter dated March 1, 2006, DEA informed Plaintiff that it was releasing portions of one of eight pages referred to it by the USMS, and that it was returning the remaining seven pages to USMS for processing and direct response to him. The determination letter is the best evidence of its contents.

Paragraph XXVI. Admit that by letter dated March 8, 2006, OIP affirmed DEA's response to request 05-1295-P. OPI's letter is the best evidence of its contents.

Paragraph XXVII. Admit, except that OIP decided to provide a full release of one page to Plaintiff, which was previously released in part to Plaintiff by the USMS. Defendants respectfully refer the Court to OIP's letter as the best evidence of its contents.

## CLAIMS

6. This paragraph sets forth Plaintiff's legal conclusions, to which no answer is required; to the extent an answer is required, denied.

7. This paragraph sets forth Plaintiff's legal conclusions, to which no answer is required; to the extent an answer is required, denied.

8. The remaining paragraphs, Nos. 1 [sic] through VI are the Plaintiff's prayer for relief, to which no response is required. To the extent a response is necessary, Defendants deny that Plaintiff is entitled to any relief. Defendants hereby specifically deny all of the allegations of the Complaint not specifically admitted herein.

WHEREFORE, having fully answered, Defendants respectfully request that the Court enter judgment in their favor, dismiss the Complaint, and grant them such other relief as may be

proper.

        Respectfully submitted,

        /s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

        /s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

        /s/
_____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **25th** day of **August,** 2006, a true and correct copy of the foregoing Answer was served upon Pro Se Plaintiff **MARCO D. DUNCAN,** via First Class prepaid postage as follows:

**MARCO D. DUNCAN**
**#37679-048**
**U.S. Penitentiary - Atwater**
**P.O. Box 019001**
**Atwater, CA 95301**

PETER S. SMITH, D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372