**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **MARCO D. DUNCAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 06-1032 (GK)** |
| **v.** | ) | |
| | ) | |
| **DRUG ENFORCEMENT** | ) | |
| **ADMINISTRATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

Plaintiff has filed a motion to appoint counsel.  Because Plaintiff has been granted leave to

proceed *in forma pauperis*, the Court may ask an attorney to represent him.  28 U.S.C. §1915(e)(1).

In making such a determination, the Court should take into account:

> (i)    the nature and complexity of the action;
> (ii)   the potential merit of the *pro se* party's claims;
> (iii)  the demonstrated inability of the *pro se* party to retain counsel by other
>        means; and
> (iv)   the degree to which the interests of justice will be served by appointment of
>        counsel, including the benefit the Court may derive from the assistance of
>        the appointed counsel.

Local Rule 83.11(b)(3).

Applying these factors, the Court finds that the appointment of counsel is not merited at this

time.  It is too early in the litigation to determine whether counsel should be appointed.  Defendants

have only recently filed an answer.  This is a Freedom of Information Act case and will likely be

decided on dispositive motions filed by the parties.  Moreover, Plaintiff is not entitled as of right to

counsel in a civil case. There are not enough members of the Civil Pro Bono Panel to appoint

counsel in each case. Accordingly, it is

       **ORDERED** that Plaintiff's motion to appoint counsel [12] is **DENIED without prejudice**.


                                       _____/s/_____
                                       GLADYS KESSLER
                                       United States District Court

DATE: September 18, 2006