IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCO D. DUNCAN )
)
       Plaintiff )
)
       v. )    Case No: 06-1032 GK
)
DRUG ENFORCEMENT ADMINISTRATIVE AND )
UNITED STATES MARSHALS SERVICE )
)
       Defendants. )
)

## DECLARATION

I, William E. Bordley, hereby make the following Declaration under penalty of perjury

pursuant to 28 U.S.C. § 1746.

1. I am an Associate General Counsel and Freedom of Information/Privacy Act Officer of

the United States Marshals Service (USMS), assigned to the Headquarters, Office of General

Counsel, Arlington, Virginia. I am experienced with the procedures for responding to requests

made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act

(PA), 5 U.S.C. § 552a, for information maintained in the records and files of the USMS. The

USMS Headquarters Office of General Counsel (OGC) is responsible for processing all FOI/PA

requests made to any USMS office located throughout the United States pursuant to USMS

policy.



GOVERNMENT
EXHIBIT
1

2. Plaintiff submitted a request letter to the USMS Headquarters, dated July 14, 2005, received in the Office of General Counsel (OGC) on July 25, 2005, requesting information pertaining to himself and seized assets, and referenced file numbers, DEA File No. KV-01-0014 and 3:02CR20-RV. (See Exhibit A)

3. In accordance with USMS procedures for processing FOIA/PA requests for information on individuals and seized assets, the OGC divided the request into two separate requests, i.e., one for information on plaintiff and assigned Request Number 2005USMS8601, and one for information on seized assets and assigned Request Number 2005USMS8588.

4. By letters dated July 28, 2005 (Request No. 2005USMS8601) and August 1, 2005 (Request No. 2005USMS8588), respectively, the USMS advised plaintiff that his request was received and that it had commenced a search for records. (See Exhibits B and B-1).

5. The USMS conducted a search for records on plaintiff, by his name and/or personal identifier, pursuant to his request, in the USMS offices he identified, i.e., the Northern District of Florida and the District of Nevada. The USMS extended its search to other district offices that were subsequently determined to have records on plaintiff, the Eastern and Northern Districts of California. The USMS searched in all locations that could reasonably be expected to contain responsive records on plaintiff.

6. The USMS systems of records routinely encompassed by a search for prisoner records is the Prisoner Processing and Population Management/Prisoner Tracking System (PPM/PTS), JUSTICE/USM-005, and the Warrant Information Network (WIN), JUSTICE/USM-007. These systems of records are searched by an individual's name and/or personal identifier. Documents pertaining to plaintiff were located in the PPM/PTS and WIN systems of records. These systems

2

assist the USMS in carrying out its statutory law enforcement responsibilities related to receiving, processing, transporting, and maintaining custody of federal prisoners from the time of their arrest by a U.S. Marshal or their remand to a U.S. Marshal by the court until the prisoner is committed by the court to the Attorney General for service of sentence, otherwise released from custody or returned to custody of the U.S. Parole Commission or Bureau of Prisons, the execution of Federal arrest warrants, and the investigation of fugitive matters. See Rule 4, Federal Rules of Criminal Procedure, 18 U.S.C. § 4086, 28 U.S.C. § 566, and 28 C.F.R. § 0.111(a), (e), (j), (k), (q). As such, these systems of records are exempt from the access provision of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R § 16.101(a), (g), (q). To ensure maximum access, plaintiff's records were processed for disclosure pursuant to the Freedom of Information Act, 5 U.S.C. § 552. As a result of the search of these systems of records by plaintiff's name and/or personal identifier, 256 pages of material indexed to plaintiff were located in these district offices. No additional records indexed to plaintiff were located.

7. The USMS conducted a search for records on seized assets in the USMS Headquarter's Asset Forfeiture Office (AFO). Seized asset information is maintained in the Department of Justice (DOJ) Consolidated Asset Tracking System (CATS), the automated database for seized and forfeited property. The CATS database is a single integrated asset forfeiture information system for use by DOJ components and other federal agencies for law enforcement associated with civil and criminal forfeiture of assets. This database includes information identifying the asset location and identification number, name and address of owner and other parties having a lien or interest, names of seizing agencies, probable cause for seizure and the statutory basis for the action, disposal decision, and other information. Information

3

maintained in the CATS database is primarily retrieved by a CATS identification number, occasionally by a civil action case number, a property description or identification number, and in rare instances, under an individual's name. As a result of the search of this system by the civil case number and agency case number, ten (10) pages of material pertaining to seized assets was located. No additional responsive documents were located.

8. By letter dated October 21, 2005 (Request No. 2005USMS8588), the USMS responded to plaintiff's request, informing him that after conducting a search of its files, 10 pages of seized asset information had been located which were responsive to his request. Of this material, three (3) pages contained information which originated with the Drug Enforcement Administration (DEA) and were referred to that agency for direct response to plaintiff in accordance with 28 C.F.R. § 16.4(c)(2). The USMS released seven (7) pages with information excised and withheld pursuant to exemptions 2 and 7(C) of the FOIA, 5 U.S.C. § 552(b)(2) and (b)(7)(C). (See Exhibit C)

9. By letter dated December 19, 2005 (Request No. 2005USMS8601), the USMS responded to plaintiff's request, informing him that after conducting a search of its files, 256 pages had been located which were indexed to plaintiff's name. Of this material, one (1) page originated with the Bureau of Prisons (BOP), eight (8) pages originated with or contained information which originated with the Drug Enforcement Administration (DEA), 30 pages originated with the Federal Bureau of Investigation (FBI), and five (5) pages originated with the Executive Office for U.S. Attorneys (EOUSA) and were referred to those agencies for direct response to plaintiff in accordance with 28 C.F.R. § 16.4(c)(2). The USMS released 148 pages to plaintiff; 97 pages were released entirely, 51 pages were released with information excised and

4

withheld pursuant to exemptions 2, 7(C), and 7(E) of the FOIA, 5 U.S.C. § 552(b)(2), (b)(7)(C), and (b)(7)(E). The remaining 64 pages were withheld in their entirety pursuant to exemptions 2, 7(C), and 7(E) of the FOIA. (See Exhibit C-1)

10. On December 13, 2005 (Request No. 2005USMS8588), and January 31, 2006 (Request No. 2005USMS8601), respectively, the USMS received a copy of plaintiff's administrative appeals by letters dated November 2, 2005 (Request No. 2005USMS8588), and January 2, 2006 (2005USMS8601), respectively, to the Department of Justice, Office of Information and Privacy (OIP), and a copy of OIP's acknowledgment letters to plaintiff dated November 21, 2005 (Request No. 2005USMS8588), and January 18, 2006 (Request No. 2005USMS8601), respectively. (See Exhibits D and D-1)

11. Plaintiff, in his administrative appeals, emphasized the possible existence of additional records concerning him; more specifically, a video surveillance tape supposedly seized as evidence during plaintiff's arrest at a hotel and casino in Reno, Nevada. As the result, the OGC consulted again with the districts to confirm the existence and whereabouts of such information. The district(s) advised the OGC that while casinos are always tape recording, no video surveillance tape was requested or obtained by the USMS from the casino where plaintiff was arrested. The USMS had no record of the video surveillance tape.

12. The USMS received a copy of OIP's letter to plaintiff, dated April 25, 2006 (referencing Request Nos. 2005USMS8588 and 8601), in which OIP decided to release in its entirety a one page document previously released in part to plaintiff by the USMS in its December 19, 2005 letter (Request No. 2005USMS8601). OIP affirmed the USMS remaining

action and advised plaintiff of his right to seek judicial review pursuant to 5 U.S.C. §552(a)(4)(B). (See Exhibit E)

13. By letter dated June 28, 2006 (Request No. 2005USMS8601), the USMS provided a supplemental response to plaintiff's request. The USMS informed plaintiff in this response that seven (7) of eight (8) pages that were previously referred to the Drug Enforcement Administration (DEA) had been referred back to the USMS by the DEA and now were being released to him by the USMS, except for the names, addresses, telephone numbers, and other information on USMS and other government employees, third-party individuals, confidential sources and related information exempt from disclosure pursuant to exemptions 7(C), 7(D), and 7(F) of the FOIA, 5 U.S.C. § 552(b)(7)(C), (b)(7)(D), and (b)(7)(F). (See Exhibit F)

14. The USMS June 28, 2006 letter (Request No. 2005USMS8601) to plaintiff disclosed the seven (7) pages of documents referred back to the USMS from DEA, and cited to exemptions applied by both components. The USMS asserted exemption 7(C) only to withhold the names of USMS employees and third-party individuals on all seven (7) pages. Five (5) of these seven (7) pages also contained information withheld by DEA pursuant to exemptions 7(C), 7(D), and 7(F) of the FOIA.

15. By letter dated June 30, 2006 (Request No. 2005USMS8601), the USMS provided a supplemental response to plaintiff's request. The USMS informed plaintiff in this response that 30 pages that were previously referred to the Federal Bureau of Investigation (FBI) had been referred back to the USMS by the FBI and were now being released by the USMS to him, except

for the names, telephone numbers, and other information on government employees and/or third-party individuals exempt from disclosure pursuant to exemption 7(C) of the FOIA, 5 U.S.C. § 552(b)(7)(C). (See Exhibit G)

16.  The FBI had referred these 30 pages of documents back to the USMS for processing pursuant to agency agreement.  The USMS June 30, 2006 letter (Request No. 2005USMS8601) disclosed all 30 pages to plaintiff; 10 pages were released entirely, and 20 pages were released with information excised and withheld pursuant to exemption 7(C).

17. Exemption 2 allows an agency to withhold matter related solely to internal personnel rules and practices of the agency. 5 U.S.C. § 552 (b)(2).  This exemption was applied  to withhold internal agency case numbers used by investigative agencies to link particular asset records with ongoing investigation or litigation.  Release of the case numbers would enable a member of the public to ascertain the assets associated with a larger investigative or litigative matter.  Assets seized in one area of a country might be linked through another agency's case number to a criminal case in another area.  Release of federal and state agency internal case numbers would compromise law enforcement actions in related cases.  This exemption was also applied to withhold an internal website address to CATS information.  Use of this database is restricted to DOJ components and other federal agencies participating in the Asset Forfeiture Program, and can only be accessed by those with proper authority.  Disclosure of this information would allow the public possible entry into the CATS database and could risk circumvention of the law.  The information meets the test of predominantly internal  information set forth in Crooker v. BATF, 670 F.2d 1051, D.C. Cir (1981), for withholding information pursuant to exemption 2.  In addition, there is no legitimate public interest in disclosure of this purely

internal information.  Accordingly, exemption 2 was applied to withhold this information from disclosure.

18. Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes to the extent that production could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C).  This exemption was applied to withhold the names, telephone numbers, and other information pertaining to USMS and/or government employees (law enforcement officers).  Plaintiff presents no public interest to warrant disclosing this information, nor does the USMS believe that public disclosure of this information is warranted.  To the contrary, the release of the identity of law enforcement officers and other government employees could subject these individuals to unwarranted public attention, harassment, and annoyance, and would thereby impair the effectiveness of these employees in carrying out their official duties and potentially cause unwarranted attention to them in their private lives, and could possibly pose a danger to their life or physical safety. Absent a legitimate public interest, disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.  In considering whether the public's interest in disclosure outweighed the individual's interest in privacy, the USMS determined that no legitimate interest would be served by disclosure of this information. 5 U.S.C. § 552 (b)(7)(C).

19. Exemption 7(C) was applied also to withhold the names and numbers of other prisoners, and names, addresses, telephone numbers, and other information on third-party individuals.  Plaintiff has presented no public interest to warrant disclosing this information.

Release of this information could expose these individuals to unnecessary public attention, criticism, harassment and embarrassment. In considering whether the public's interest in disclosure outweighed the individuals' interest in privacy, the USMS determined that no legitimate interest would be served by disclosure of this information.

20. Exemption 7(E) of the FOIA allows an agency to withhold records or information compiled for law enforcement purposes, to the extent that the production of such records or information could disclose guidelines or techniques and procedures for law enforcement investigations or prosecutions, if such disclosure could reasonably be expected to risk circumvention of the law. 5 U.S.C. § 552(b)(7)(E). Exemption 7(E) was applied in conjunction with exemption 2, to withhold material, the primary purpose of which is to guide USMS law enforcement officers in the performance of their law enforcement duties. Information withheld pursuant to exemption 7(E) consists of investigative techniques and procedures utilized by the USMS in locating fugitives and, thus, would allow such persons to circumvent investigative procedures and evade detection and apprehension efforts. As such, the information withheld pursuant to exemption 7(E) also meets the test of "predominantly internal" information as discussed for exemption 2 protection above.

21. A description of the 84 pages released to plaintiff with excisions made, four (4) pages of documents referred to other components with USMS excisions made, and 64 pages withheld in their entirety by the USMS pursuant to exemptions 2, 7(C), and 7(E) of the FOIA is provided as follows.

## 84 Documents Disclosed by USMS with Certain Information Deleted and Withheld

Request No. 2005USMS8588

| Document Item | Document Identification | Number of Pages |
|---|---|---|
| Item 1 | Status Inquiry from CATS database, dated 9/28/05<br>b2 - internal agency case number and website address<br>7(C) - names of third-party individuals | 5 |
| Item 2 | DOJ/CATS Seizure/Fire Condensed Detail Reports, dated 9/28/05<br>b2 - internal agency case number<br>7(C) - names and Vehicle Identification Numbers (VIN) of third-party individuals | 2 |

Request No. 2005USMS8601

| Document Item | Document Identification | Number of Pages |
|---|---|---|
| Item 3 | California Department of Motor Vehicles Drivers Licenses of Michael Dwayne Bagley (containing photo of Marco Duncan)<br>7(C) - name of government employee | 4 |
| Item 4 | California Department of Motor Vehicles Drivers Licenses of Marco Damon Duncan<br>7(C) - name of government employee | 3 |
| Item 5 | JNCIC Printouts dated 12/24/02<br>7(C) - name of USMS/government employee | 2 |
| Item 6 | JNLET Printouts dated 12/24/02, 5/7/03, 5/8/03 respectively<br>7(C) - names of government employees | 3 |
| Item 7 | E-mail dated 12/23/02<br>7(C) - names of USMS/government employees | 1 |
| Item 8 | USMS Fax Transmittal Sheet, dated 12/24/02<br>7(C) - names of USMS/government employees | 1 |

| | | |
|---|---|---|
| Item 9 | Reports of Investigation (Forms USM-11) dated 2/11/2003 b2 - internal agency information 7(C) - names of USMS/government employees, names and related information on third-party individuals 7(E) - investigative techniques and procedures | 4 |
| Item 10 | E-mail dated 2/11/03 7(C) - names and/or telephone numbers of USMS/government employees | 1 |
| Item 11 | Reports of Investigation (Forms USM-11) dated 12/23/2002, 5/29/03, respectively 7(C) - names and/or telephone numbers of USMS/government employees, names and related information on third-party individuals | 3 |
| Item 12 | DMV Driver License/Identification Cards Law Enforcement Address Search Request, dated 1/6/03 and 2/5/03, respectively 7(C) names of USMS/government employees, telephone number and badge number | 2 |
| Item 13 | Address Search Selection List, dated 2/5/2003 7(C) - names and related information on third-party individuals | 1 |
| Item 14 | CLETS Database Response, dated 1/14/03 7(C) - name of government employee | 1 |
| Item 15 | WIN Report (Page 4), dated 01/02/03 7(C) - name of USMS employee | 1 |
| Item 16 | Prisoner Tracking System Printouts Individual/Personal History Defendant (USM 312) dated 9/15/2005, 4/22/2003, 4/23/03, and respectively 7(C) - names of third-party individuals | 4 |

| | | |
|---|---|---|
| Item 17 | Prisoner Tracking System Printouts<br>Individual Custody and Detention Reports<br>(USM 129), dated 9/15/2005 and 8/1/2005,<br>respectively<br>7(C) - names and numbers of other prisoners | 2 |
| Item 18 | Arrest Report and Declaration of Probable<br>Cause, dated August 1, 2005<br>7(C) - names of name and ID of USMS/<br>government employee | 1 |
| Item 19 | Personal History of Defendant (Form USM 312)<br>dated 4/22/03<br>7(C) - name of USMS employee and names of<br>third-party individuals | 2 |
| Item 20 | Prisoner Medical Records Release Form, dated<br>4/22/03<br>7(C) - name of USMS employee | 1 |
| Item 21 | Back of Fingerprint Card<br>7(C) - name of USMS employee | 1 |
| Item 22 | Memo from USMS District of Nevada, dated<br>April 22, 2003<br>7(C) - names and numbers of other prisoners<br>and name of USMS employee | 1 |
| Item 23 | Prisoner Tracking System Printout<br>Prisoner Remand or Order to Deliver, dated<br>4/24/2003<br>7(C) - names and numbers of other prisoner<br>and names of USMS employees | 2 |
| Item 24 | Memo to All Federal Prisoners from the USMS<br>regarding Federal Prisoner Property, faxed on<br>August 1, 2005<br>7(C) - name and address of third party individual | 1 |
| Item 25 | Prisoner Custody Alert Notice, dated 10/27/03<br>7(C) - name of USMS employee | 1 |

| Item 26 | USMS letter to Santa Clara Sheriff's Office, dated February 6, 2004<br>7(C) name of USMS employee | 1 |
|---|---|---|
| Item 27 | Letter from County of Santa Clara Office of Sheriff, dated May 6, 2003<br>7(C) - names of government employees | 1 |
| Item 28 | Escambia County Sheriff's Office I.F.D. Investigation Report, dated 10/26/03<br>7(C) - names and ID number of government employees | 2 |
| Item 29 | Escambia County Sheriff's Office Administrative Confinement Placement Form dated 10/26/03<br>7(C) - name of government employee | 1 |
| Item 30 | Escambia County Sheriff's Office Fax Transmittal, dated 10/27/03<br>7(C) - name and telephone number of government employee | 1 |
| Item 31 | Request for Designation, dated 10/20/2003<br>7(C) - names of USMS/government employees | 1 |

Documents Referred Back to USMS by DEA and FBI

| Item 32 | Reports of Investigations (Forms USM-11), dated 4/17/03 and 4/24/03, respectively<br>7(C) - names of USMS employees, and name and related information on third-party individual | 4 |
|---|---|---|
| Item 33 | E-mails dated 4/16/03 and 4/18/03, respectively<br>7(C) - names of USMS/government employees | 3 |
| Item 34 | FBI Fax Transmittal Cover Sheet, dated 1/30/03<br>7(C) - names of government employees | 1 |
| Item 35 | Printouts of NCIC Transaction Log Searches, faxed on January 30, 2003<br>7(C) - names of government employees, and names and related information on third-party individuals | 17 |

| | | |
|---|---|---|
| Item 36 | Investigative and Operational Assistant Unit Case Questionnaire, dated 1/30/03 7(C) - names of government employees | 1 |
| Item 37 | JNCIC Printout dated 1/31/03 7(C) - car and tag number of third-party individual | 1 |

### Documents Disclosed by DEA with USMS Information Deleted and Withheld

Request No. 2005USMS8588

| Document Item | Document Identification | Number of Pages |
|---|---|---|
| Item 38 | Status Inquiry from CATS database containing DEA DAG 71 and 72 Data dated 9/28/2005 (b)2 - internal website address 7(C) - names of third-party individuals | 3 |

### Document Disclosed by EOUSA with USMS Information Deleted and Withheld

Request No. 2005USMS8601

| Document Item | Document Identification | Number of Pages |
|---|---|---|
| Item 39 | Letter from the United States Attorney, dated August 29, 2003 7(C) - name of USMS employee | 1 |

### Documents Withheld by USMS in their Entirety

Request No. 2005USMS8601

| Document Item | Document Identification | Number of Pages |
|---|---|---|
| Item 40 | Address Search Selection List, dated 2/5/03 | 4 |
| Item 41 | California Department of Motor Vehicles Drivers License of Michael Dwayne Bagley 7(C) - information relating information to third-party individual | 8 |

14

Item 42      CLETS Database Response, dated 12/24/02, 01/02/03, 01/03/03, 01/07/03, 01/08/03, and 01/21/03 respectively
7(C) - names and related information on third-party individuals    20

Item 43      JNCIC, dated 12/24/02
7(C) - name and information on third-party individual    1

Item 44      Hardcopy User Printouts, dated 12/24/02, 1/3/03, and 2/4/03, respectively
Personal Descriptor or Address
7(C) - names and related information on third-party individuals    5

Item 45      California Department of Motor Vehicles Drivers Licenses of Various Persons
7(C) - names and related information on third-party individuals    4

Item 46      JNLET, dated 2/4/03
7(C) - name of government employee and name and related information on third-party individual    1

Item 47      Ltr. to USMS, dated February 6, 2003
b2 and 7(E) - investigative techniques
7(C) - name of USMS employee, names and related information on third-party individuals    1

Item 48      E-mail to USMS, dated 2/7/03
b2 and 7(E) - investigative techniques
7(C) - names of USMS/government employees    1

Item 49      Request for Issuance of Administrative Subpoena dated 1/29/03
b2 and 7(E) - investigative techniques
7(C) - names and a telephone number of USMS employees, and name of third-party individual    4

| Item 50 | Return of Service for Administrative Subpoena, dated 1/30/03<br>b2 and 7(E) - investigative techniques<br>7(C) - name of USMS employee | 2 |
|---|---|---|
| Item 51 | Business Receipt, dated 4/18/03<br>b2 and 7(E) - investigative techniques<br>7(C) - name and related information on third-party individual | 1 |
| Item 52 | Transaction Report, dated April 21, 2003<br>b2 and 7(E) - investigative techniques<br>7(C) - information on third-party individual | 7 |
| Item 53 | Patron Trip History Display, dated 11/16/03<br>b2 and 7(E) - investigative techniques<br>7(C) - name and related information on third-party individual | 1 |
| Item 54 | Hand-written notes, undated<br>7(C) - names, addresses, telephones and related information on third-party individuals | 3 |
| Item 55 | Record of Business Cards<br>7(C) - names and telephone numbers of government employees and third-party individuals | 1 |

22. In summary, under Request Nos. 2005USMS8588 and 8601, a total of 266 pages of documents were located by the USMS, 47 pages originated with or contained information that originated with either the DEA, FBI, BOP, and EOUSA and were referred to those agencies for disclosure determination and direct response to plaintiff (37 of these 47 pages referred to components were referred back to the USMS for disclosure determination and direct response to plaintiff); and 64 pages were withheld from disclosure in their entirety pursuant to exemptions 2, 7(C), and 7(E) of the FOIA. Of the 192 pages released to plaintiff by the USMS, 108 pages were released entirely and 84 pages were released with information deleted and withheld pursuant to

16

exemptions 2, 7(C), 7(D), 7(E), and 7(F) of the FOIA, with exemptions 7(D) and 7(F) being

asserted by DEA.  Four (4) of the referred pages were released by other agencies with USMS

deletions and six (6) referred pages were released by other agencies without USMS deletions.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true

and correct to the best of my information and belief.


WILLIAM E. BORDLEY
ASSOCIATE GENERAL COUNSEL/FOIPA OFFICER


Dated:        AUG 1 0 2006


17

FREEDOM OF INFORMATION/PRIVACY ACT

REQUEST ACT OF 1974



From:Marco Duncan

USP ATWATER

PO BOX 019001

ATWATER,CA 95301

Pursuant to Title ¶ 5 § 552 and all other relevant sections and parts thereof, I the undersigned, also identified above in the upper right hand section hereby respectfully request the following information in relation to DEA file NO# KV-01-0014 AND [G-DEP Identifier no# XNC3R] File Title: Howard,Albert. Said information is in conjunction with My criminal case NO# 3;02cr20-RV In the Northern District of Florida:

(1) Any and all vehicle Impound forms, inventory list[s], related arrest reports and all information and a list of evidence seized by Special Agents Michael Bakios, Jerry Craig, Justin Dillard, Deputy Marshall David Gump and [GS] Mark Snyder in regards to the arrest of Marco Duncan at the EL Dorado Hotel and Casino at 345 N. Virginia, Reno,NV On 4/21/03.

(2) Any and all information in regards to any video surveillance seized from the EL Dorado Hotel Security by this agency or any agency in conjunction with the Arrest of Marco Duncan on 4/21/03 ~~Specifically seized by Deputy Marshall David Gump~~ As you are aware, Investigation records complied for law enforcement agencies are no longer generally exempted from disclosure, but may be inspected in camera by the United

EXHIBIT A

States Court to determine whether they fall within any of the specified accepted categories of investigations records subscribed in the act.

If for any reason it is determined that portions of the materials requested are exempted under some recognizable category under the FOIA/Privacy Act of 1974, Then I request that any such exempted materials be indexed and itemized with a detailed justification for any exclusion made under the Authority of Vaughn v. Rosen, 484 F.2d. 820 (D.C.Cir. 1973) or other similar authorities.

Your Agency has 20 working days to respond to this request. In the event I do not receive your response in the time period prescribed by the rules of the Act. I will deem this formal request denied and seek Judicial review and remedy.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provision of 18 USC section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both, and that requesting or obtaining any record[s] under false pretenses is punishable under the provision of 5 USC 552a(i)(3) by a fine of not more than $5,000.

Signature _Marco Duncan_

Date: _7-14-05_

United States Marshals Service

*Office of General Counsel*

*Washington, DC 20530-1000*

July 28, 2005

Marco D. Duncan
Reg. No. 37679-048
USP Atwater
P.O. Box 019001
Atwater, CA 95301

  RE: Freedom of Information/Privacy Act Request No. 2005USMS8601

Dear Mr. Duncan:

  The United States Marshals Service (USMS) is in receipt of your Freedom of Information/Privacy Act request for records maintained by this Bureau pertaining to you. We have commenced a search for documents responsive to your request and will contact you when our processing is complete.

  Although we are unable to determine at this time the amount of fees to be charged to you, if any, the filing of your request constitutes your agreement to pay all applicable fees that may be charged under 28 C.F.R. § 16.11 or § 16.49, up to $25.00. Do not send any money at this time. You will be notified as soon as practicable if the estimated or actual fee for satisfying your request exceed $25.00.

      Sincerely,

      *Aileta D. Cunningham*

      William E. Bordley
      Associate General Counsel/FOIPA Officer
      Office of General Counsel

EXHIBIT B



**U.S. Departr   t of Justice**

United States Marshals Service

*Office of General Counsel*

_____

*Washington, DC 20530-1000*

AUG 8  2005

Marco Duncan
Reg. No. 37679-048
USP Atwater
P.O. Box 019001
Atwater, CA. 95301

Re: <u>**Freedom of Information Act (FOIA) Request No. 2005USMS8588**</u>

Dear Mr. Duncan:

The United States Marshals Service is in receipt of your Freedom of Information Act request for seized property records maintained by this Bureau. We have commenced a search for documents responsive to your request and will contact you when our processing is complete.

Although we are unable to determine at this time the amount of fees to be charged to you, if any, the filing of your request constitutes your agreement to pay all applicable fees that may be charged under 28 C.F.R. § 16.11 or § 16.49, up to $25.00. You will be notified as soon as practicable if the estimated or actual fee for satisfying your request exceeds $25.00.

Sincerely,

William E. Bordley
Associate General Counsel/FOIPA Officer
Office of General Counsel

KOK
7/2/05
a.D.C.

EXHIBIT B-1

[X] If you are dissatisfied with my action on this request, you may appeal from this (partial) denial by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Room 570, Washington, D.C. 20530, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

[X] The enclosed material is provided for your further information.

Sincerely,

WILLIAM E. BORDLEY
Associate General Counsel/FOIPA Officer
Office of General Counsel

Enclosures

| | |
|---|---|
| Number of Documents Located or referred from another agency: | 10 |
| Number of Documents Released: | 7 |
| Number of Documents Referred to another agency: | 3 |
| Number of Documents Withheld: | 0 |

Freedom of Information Act          Privacy Act
5 U.S.C. § 552                            5 U.S.C. § 552a

Exemptions cited                                    Description of Information Withheld:

[ ] (b)(1)   [X] (b)(2)  [ ] (b)(3)        [ ] (d)(5)  [ ] (j)(2)       [X] Administrative marking(s)
[ ] (b)(4)   [ ] (b)(5)  [ ] (b)(6)        [ ] (k)(1)  [ ] (k)(2)       [ ] Names of and/or information on
[ ] (b)(7)(A) [ ] (b)(7)(B)                [ ] (k)(5)  [ ] (k)(6)              government employees
[X] (b)(7)(C) [ ] (b)(7)(D)                                               [X] Names of and/or information
[ ] (b)(7)(E) [ ] (b)(7)(F)                                                    pertaining to third-party individual(s)
                                                                          [ ] Names of and/or information
                                                                              pertaining to other prisoners
                                                                          [ ] Confidential source information
                                                                          [ ] Other:_____
                                                                          _____
                                                                          _____

**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

_____

*Washington, DC 20530-1000*

December 19, 2005

Mr. Marco D. Duncan
Reg. No. 37679-048
USP Atwater
P.O. Box 019001
Atwater, CA 95301

     RE:    Freedom of Information/Privacy Act Request No. 2005USMS8601

Dear Mr. Duncan:

     The United States Marshals Service (USMS) is responding to your request for documents pertaining to you.

     Pursuant to your request, the USMS conducted a search of its files and located 256 pages of documents indexed to your name. Forty-four (44) pages originated with or contain information which originated with other components of the Department of Justice. These documents and a copy of your request have been referred to the originators for disclosure determination and direct response to you in accordance with 28 C.F.R. § 16.4 and § 16.42.

     We have determined to grant you access to 148 pages, except for internal information and names, addresses, telephone numbers, and other information pertaining to government employees and/or third-party individuals, and names and numbers of other prisoners referenced therein which are exempt from disclosure pursuant to exemptions 2, 7(C), and 7(E) of the Freedom of Information Act, 5 U.S.C. 552(b). Exemption 2 allows an agency to withhold matter related solely to internal personnel rules and practices. Certain information withheld under this provision meets the test of "predominant internality," set forth in Crooker v. BATF, 670 F.2d 1051 (D.C. Cir. 1981). Disclosure of this information would reveal investigative techniques and procedures utilized by the USMS in locating fugitives and, thus, would allow such persons to circumvent investigative procedures and evade detection and apprehension efforts. Exemption 7 allows an agency to withhold records or information compiled for law enforcement purposes, to the extent that disclosure (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, and (E) would disclose guidelines or techniques and procedures for law enforcement investigations or prosecutions, if such disclosure could reasonably be expected to risk circumvention of the law. The information withheld is not appropriate for discretionary release. A copy of these 148 pages of documents are enclosed.

EXHIBIT C-1

The remaining 64 pages are being withheld entirely pursuant to exemptions 2, 7(C), and 7(E) as explained above.

If you are dissatisfied with my action on this request, you may appeal this partial denial within 60 days of the date of this letter by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530. Both the letter and the envelope should be clearly marked "Freedom of Information/Privacy Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

Sincerely,

*Aileta D. Cunningham*

*for* William E. Bordley
Associate General Counsel/FOIPA Officer
Office of General Counsel

Enclosures



**U.S. Department of Justice**

Office of Information and Privacy

*Kevin*

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

NOV 2 1 2005

---

Mr. Marco Duncan
Register No. 37679-048
United States Penitentiary
P.O. Box 019001
Atwater, CA 95301

        Re:  Request No. 2005USMS8588

Dear Mr. Duncan:

        This is to advise you that your administrative appeal from the action of the United States Marshals Service on your request for information from the files of the Department of Justice was received by this Office on November 10, 2005.

        The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **06-0466**.  Please mention this number in any future correspondence to this Office regarding this matter.

        We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                                Sincerely,

                                *Priscilla Jones*

                                Priscilla Jones
                                Chief, Administrative Staff

EXHIBIT D

USMS

Rec'd 11-10-05 FOIA APPEAL    06-0466    PA
①
USAS

Co-Director                                    11-2-05

       I wish to appeal the action on my request No. 2005USMS8588. I made a detailed request specifically for all information and records related to me. I further specifically asked for confirmation on any video surveillance tape seized as evidence from the El Dorado Hotel and Casino located in Reno Nevada on 4-21-2003 by Deputy Marshal David Gump of the Reno, NV Marshals Service. I also requested records of any and all property seized from myself on 4-21-2003 by Deputy Marshal David Gump. I asked for any and all vehicle inventory sheets or vehicle impound forms related to the arrest of Marco Duncan on 4-21-2003 at the Eldorado Hotel and Casino in Reno, NV. I recieved 7 documents total and none of which i specifically requested. I was arrested by Deputy Marshal David Gump on 4-21-2003. I was booked into the Washoe County Jail by Deputy Marshal David Gump. Deputy Marshal David Gump also seized as evidence 1 video surveillance tape from the El Dorado Hotel and Casino. I had a criminal jury trial in which this information was all made known to me. Now it is very hard to fathom that the United States Marshal Service has no records of any above mentioned events. I strongly believe that I am being stonewalled and for this reason I wish to appeal.

OFFICE OF INFORMATION
AND PRIVACY

NOV 1 0 2005

**RECEIVED**

Thank You
Marco Duncan



**U.S. Department of Justice**

RECEIVED    Office of Information and Privacy

Telephone: (202) 514-3642    06 JAN 31  PM 12: 20  *Washington, D.C. 20530*

U.S. MARSHALS SER 'CE

JAN 1 8 2006

Mr. Marco Duncan
Register No. 37679-048
United States Penitentiary-Atwater
P.O. Box 019001
Atwater, CA 95301

　　　　Re: Request No. 2005USMS8601

Dear Mr. Duncan:

　　　　This is to advise you that your administrative appeal from the action of the United States Marshals Service was received by this Office on January 10, 2006.

　　　　The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-0974**. Please mention this number in any future correspondence to this Office regarding this matter.

　　　　We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　Priscilla Jones
　　　　　　　　　　　　　　　Chief, Administrative Staff

EXHIBIT D-1

USMS

RECEIVED
JAN 10 2006
Office of Information and Privacy

"FOI/PA Appeal"                    1-2-06

I wish to appeal the partial denial of my (FOI/PA) request no. <u>2005 USMS 8601</u>.

In my initial request i specifically asked for a copy of a video surveillance tape that was seized as evidence by deputy marshal David Gump on 4-21-03 or 4-22-03 from the El Dorado Hotel and Casino located at 345 N. Virginia St., Reno, Nevada.

I further requested any and all records documents and reports made on the above dates by David Gump in conjunction with my arrest and seizure of said surveillance tape.

My request was clear and written in plain language so not to confuse anyone.

I was granted 148 pages out of 256 pages. Further more, of the 148 pages i was granted access to. Many of 148 pages were exact duplicates of each other.

In my initial request i specifically asked for an itemized list of the documents that would be disclosed and those undisclosed. I did not recieve this information at all and therefor do not know why the surveillance tape was withheld as it is not exempt from disclosure under 7(C) or 7(E).

The documents and records that i have requested are all related to my own criminal case in which the

conviction is now final and there is no ongoing investigation with respect to the documents and records that i specifically requested.

I am appealing the partial denial of documents and records. Also the complete denial of the video surveillance tape seized on 4-21-03 or 4-22-0 by Deputy David Gump and the complete denial of an itemized list indexing all document and records disclosed and undisclosed.

Thank You

pp. Marco Duncan

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642                    Washington, D.C. 20530

APR 2 5 2006

Mr. Marco Duncan                              Re:    Appeal Nos. 06-0466 & 06-0974
Register No. 37679-048                               Request Nos. 2005USMS8588 &
United States Penitentiary                           2005USMS8601
Post Office Box 019001                               BVE:GLB:KAM
Atwater, CA  95301

Dear Mr. Duncan:

        You appealed from the action of the United States Marshals Service on your request for
access to records concerning your arrest at the El Dorado Hotel and Casino, Reno, NV, on
April 21, 2003, and records on seized assets.

        After carefully considering your appeal, I have decided to provide you with the full
release of one page, a copy of which is enclosed. I am, however, otherwise affirming the
USMS's action on your request.

        These records are exempt from the access provision of the Privacy Act of 1974 pursuant
to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.97 (2005). Because these records are not available
to you under the Privacy Act, your request has been reviewed under the Freedom of Information
Act in order to afford you the greatest possible access to the records you requested.

        The USMS properly withheld certain information that is protected from disclosure under
the FOIA pursuant to:

        5 U.S.C. § 552(b)(2), which concerns matters that are related solely to internal
        agency practices;

        5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law
        enforcement purposes, the release of which could reasonably be expected to
        constitute an unwarranted invasion of the personal privacy of third parties; and

        5 U.S.C. § 552(b)(7)(E), which concerns records or information compiled for law
        enforcement purposes, the release of which would disclose techniques and
        procedures for law enforcement investigations or prosecutions.

I have also determined that this material is not appropriate for discretionary release.

EXHIBIT E

-2-

In your appeal letter, you state that you specifically requested a copy of a video surveillance tape which was allegedly seized by Deputy United States Marshal Gump. Please note that, subsequent to your appeal letter, the USMS conducted a second search regarding the video surveillance tape and located no responsive records.

Finally, I am denying your request that we itemize and justify each item of the information withheld. You are not entitled to such a listing at the administrative stage of processing FOIA requests and appeals. See Judicial Watch v. Clinton, 880 F. Supp. 1, 10 (D.D.C. 1995).

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

Enclosure



U.S. Department of Justice

United States Marshals Service

*Office of General Counsel*

---

*Washington, DC 20530-1000*

June 28, 2006

Mr. Marco D. Duncan
Reg. No. 37679-048
USP Atwater
P.O. Box 019001
Atwater, CA 95301

     RE:   Freedom of Information/Privacy Act Request No. 2005USMS8601

Dear Mr. Duncan:

     Reference is made to your request to the United States Marshals Service (USMS) for documents pertaining to you. USMS is making a supplemental release to you.

     Seven of eight pages that were referred by the USMS to the Drug Enforcement Administration (DEA) are being released to you herewith, except for the names, addresses, telephone numbers, and other information on USMS and other government employees, third-party individuals, confidential sources and related information referenced therein which are exempt from disclosure pursuant to exemptions 7(C), 7(D), and 7(F) of the Freedom of Information Act, 5 U.S.C. 552(b). Exemption 7 allows an agency to withhold records or information compiled for law enforcement purposes, to the extent that disclosure could reasonably be expected to (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of and information furnished by a confidential source, and 7(F) endanger the life or physical safety of any individual. The information withheld is not appropriate for discretionary release. A copy of these seven pages of documents are enclosed. We have been advised by DEA that the remaining page has been released to you by that agency.

     If you are dissatisfied with my action on this request, you may appeal this partial denial within 60 days of the date of this letter by writing to the Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530.

EXHIBIT F

Both the letter and the envelope should be clearly marked "Freedom of Information/Privacy Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

Sincerely,

William E. Bordley
Associate General Counsel/FOIPA Officer
Office of General Counsel

Enclosures

Both the letter and the envelope should be clearly marked "Freedom of Information/Privacy Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

Sincerely,

William E. Bordley
Associate General Counsel/FOIPA Officer
Office of General Counsel

Enclosures

**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

_____

*Washington, DC 20530-1000*

June 30, 2006

Mr. Marco D. Duncan, Reg. No. 37679-048
USP Atwater
P.O. Box 019001
Atwater, CA 95301

　　　RE:　　Freedom of Information/Privacy Act Request No. 2005USMS8601

Dear Mr. Duncan:

　　　Reference is again made to your request to the United States Marshals Service (USMS) for documents pertaining to you. The USMS is making a supplemental release to you.

　　　Thirty (30) pages of documents that were referred by the USMS to the Federal Bureau of Investigation (FBI) are being released to you herewith, except for the names, telephone numbers, and other related information on government employees and/or third-party individuals referenced therein, which are exempt from disclosure pursuant to exemption 7(C) of the Freedom of Information Act, 5 U.S.C. 552(b). Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes, to the extent that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. The information withheld is not appropriate for discretionary release. A copy of these 30 pages of documents are enclosed.

　　　If you are dissatisfied with my action on this request, you may appeal this partial denial within 60 days of the date of this letter by writing to the Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530. Both the letter and the envelope should be clearly marked "Freedom of Information/Privacy Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　William E. Bordley
　　　　　　　　　　　　　Associate General Counsel/FOIPA Officer
　　　　　　　　　　　　　Office of General Counsel

Enclosures

　　　　　　　　　　　　　EXHIBIT G