UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCO DUNCAN, | ) |
|    Plaintiff, | ) Civil Action No. 06- |
| v. | ) 1032 (GK) |
| DRUG ENFORCEMENT ADMIN. | ) |
| & | ) |
| U.S. MARSHAL SERVICE | ) |
|    Defendant's, | ) |
| _____ | ) |

**RECEIVED**

DEC 1 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff's Affidavit In Opposition To

Defendant's Motion For Summary Judgment

---

I, Marco D. Duncan declares under penalty of perjury:

1.) I am the plaintiff in the above-entitled case. I make this declaration in opposition, to defendant's motion for summary judgment as to their improper withholding of records, document, and materials that are not subject to a statutory exemption. As well, their misconducting searches for records responsive to request[s] where they reasonably might be found.

////
////
////
////

2.) Defendants claim in their motion[s] that there were no material facts in dispute. In reality, there are many facts in dispute which raises serious questions as to agency misconduct, and bad faith, agency actions.

3.) Defendants' USMS, claim in their motion pg. 16 ¶. 65 and Declaration pg. 5 ¶. 11 that "No video surveillance tape was requested or obtained by the USMS from the casino where plaintiff was arrested." "The USMS had no record of the video surveillance tape." (It should be noted that this is the primary record that plaintiff seeks.)

4.) Defendant USMS, claims with regard to the "video surveillance tape" alone raises serious questions as to the veracity and truthfulness of the agency's declarations and actions.

I, Plaintiff, Marco D. Duncan, retained Private Investigator, James R. Davis to confirm, whether or not a video surveillance tape was turned over to law enforcement personnel. See Exh. __A__. The subsequent findings by (P.I.) James R. Davis show conclusively that the one and only copy of the "video surveillance tape" was in fact turned over to United States Deputy Marshal David Gump. See Exh. __A-1__. As dictated by USMS regulations the USMS acquisition of this "video surveillance tape" would have generated records and documents not subject to a statutory exemption by this agency.

5.) The Defendant USMS claims in it's motion pg. 12 ¶. 53 and Declaration pg. 2 ¶. 2 that plaintiff submitted a request, in which information pertaining to himself and

"seized assets" were requested. An examination of Plaintiff's actual request reveals that plaintiff specifically requested a "list of evidence seized" by Special Agent's and Deputy Marshal David Gump on the night of plaintiff's arrest at the El Dorado Hotel and Casino. See Exh. B . As show in Defendant's declaration pg. 3 ¶. 7 the USMS conducted a search for records on seized assets in the USMS Headquarters Asset Forfeiture Office (AFO) and the Department of Justice (DOJ) Consolidated Asset Tracking System (CATS) Neither of which could reasonably produce records responsive to plaintiff's request.

6.) The defendant USMS correctly states in its motion pg. 17 ¶. 67, 68 and declaration pg. 6 ¶ 13, 14 that it further disclosed (7) pages of documents. However defendant USMS omit the fact that these documents were not disclosed until plaintiff filed the instant law suit. These (7) documents were the "key" records requested and sought by plaintiff throughout the administrative proceedings and subsequent suit, which defendant USMS claimed to be properly with held and protected from disclosure under FOIA. See Exh. C . This fact when collectively viewed with the above mentioned acts strongly suggest bad faith or in the very least arbitrary and capricious agency action.

7.) Defendant DEA claims in their motion pg. 4 ¶ 20, 21 and declaration pg. 7 ¶ 25, 26 that plaintiff's FOIA request were interpreted as a request for criminal investigative information, and further stated that "criminal investigative" information about the plaintiff maintained by the DEA was reasonably likely to be found in the DEA Investigative

Reporting and Filing System (IRFS), JUSTICE/DEA-008. However, the DEA does not and has not stated that the (IRFS) system of records are reasonable likely to contain records of "evidence seized" by Agents, which is specifically what plaintiff requested.

8.) Defendants DEA and USMS have not search for the requested records and documents where they were reasonably likely to be found and have further misconducted the search for responsive records by misconstruing plaintiff's specific FOIA/PA request. Defendants further deny the existence of any video surveillance tape that plaintiff has clearly shown to exist.

9.) These factual disputes cannot be resolved without a trial. WHEREFORE, defendant's motion for summary judgment should be denied.

*Marco Duncan*
Pro Se Plaintiff

I declare under the penalty of perjury that the foregoing is true and correct.
Signed this 14th day of December, 2006.

*Marco Duncan*
Pro Se Plaintiff

# CERTIFICATE OF SERVICE

I, Marco D. Duncan, hereby certify that I have served a true and correct copy of the following: Plaintiff's Affidavit In Opposition to Defendant's Motion For Summary Judgment.

Which is deemed filed at the time it was delivered to prison authorities for forwarding, <u>Houston v. Lack</u>, 101 L.Ed.2d 245 (1988), upon the defendant/defendants and or his attorney/attorneys of record, by placing same in a sealed, postage prepaid envelope addressed to: Peter S. Smith
U.S. Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

and deposited same in the United States Mail at USP Atwater
P.O. Box 019001
Atwater, Calif. 95301

I declare, under penalty of perjury (Title 28 U.S.C. §1746), that the foregoing is true and correct.

Dated this 14 day of December, 2006.

Marco Duncan