# EXHIBIT A

# AFFIDAVIT

STATE OF <u>CALIFORNIA</u>

COUNTY OF <u>Merced</u>

    PERSONALLY came and appeared before me, the undersigned Marco Damon Duncan, the within named Affiant who is a resident of <u>Merced</u> County, State of California, and makes this his statement and Affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts and things set forth are true and correct to the best of his knowledge:

(1) That Affiant was arrested on a narcotics-related charge on April 21, 2003;

(2) That the place of arrest transpired at the El Dorado Hotel & Casino, 345 N. Virginia St., Reno, NV 89501 (hereinafter referred to as the El Dorado Hotel & Casino);

(3) That Affiant arrived at the El Dorado Hotel & Casino as a passenger in a Honda Accord, CA license 4JDK466;

(4) That certain evidence (namely a Ruger brand 9 mm pistol and a scale) were allegedly seized from the interior of the above-described vehicle and used as evidence against Affiant in a court of law wherein Affiant was convicted of a narcotics-related offense;

(5) That per a Drug Enforcement Agency (DEA) report (File number KV-01-0014), DEA Agents Justin Dillard and Jerry Craig of the DEA seized the above-described evidence (Exhibits N-8 and N-10 respectively) out of the vehicle's interior;

(6) That the law enforcement report represents that the scale was in open view and that the Ruger 9mm pistol was secreted in the center console of the vehicle prior to the items being seized as evidence;

(7) That when Affiant was arrested, he was in the casino area of the El Dorado Hotel & Casino and not in the proximity of the vehicle, which was parked in the El Dorado Hotel & Casino's garage;

(8) That Affiant maintains that the scale was not in open view as alleged by law enforcement personnel;

(9) That law enforcement personnel represented that the search was done pursuant to an inventory;

EXHIBIT A

(10) That Affiant is of the understanding that an inventory of a vehicle usually, if not always, results in the vehicle's being towed as a matter of standard police procedure;

(11) That Affiant is of the understanding that video surveillance was in place in the El Dorado Hotel & Casino's parking garage on the date in question and that the above-described vehicle would have been the subject of such surveillance;

(12) That Affiant questions the validity of law enforcement personnel searching the vehicle in question, partially because it was remote from the vicinity wherein Affiant was placed under arrest;

(13) That the scale seized from the vehicle was admitted, as evidence, against Affiant in Affiant's subsequent trial, wherein Affiant was found guilty;

(14) That Affiant believes that videotape, taken by El Dorado Hotel & Casino surveillance system, of the above-described vehicle parked in the garage on the date in question will likely reveal that the scale was not in open view within the vehicle as alleged by law enforcement personnel and that the videotape taken of the vehicle and its subsequent search will likely reveal that the scale was not in open view as alleged by law enforcement personnel;

(15) That Affiant is pursuing an appeal of Affiant's conviction and is of the belief that seizure of the scale is relevant and material to Affiant's trial and subsequent conviction;

(16) That Affiant has retained James R. Davis of Davis Investigations, PO Box 11303, Reno, NV 89510-1303 to act on my behalf to obtain any, and all, information that pertains to the videotaping and/or seizure of evidence from the above-described vehicle on the date of the incident in question;

(17) Specifically, Affiant believes that videotape, or a copy thereof, of the vehicle in question was turned over to the DEA by El Dorado Hotel & Casino personnel;

(18) Affiant has retained James R. Davis to confirm, preferably in writing, whether or not videotape was taken of the car and its resultant search and that said videotape was turned over to law enforcement personnel;

(19) Affiant also requests James R. Davis to ascertain whether El Dorado Hotel & Casino personnel made copies of the videotape in question and, if so, whether the

original videotape and/or copies thereof is presently in the custody of the El Dorado Hotel & Casino and/or DEA;

(20) Affiant, in pursuit of the appeal, also authorizes James R. Davis to obtain the name(s) of any, and all, personnel associated with the videotaping of the vehicle in question;

(21) Affiant herewith authorizes James R. Davis to investigate, on behalf of Affiant, the searching of the above-described vehicle, the retrieval of evidence from the above-described vehicle and the obtaining of documentation of whatever nature confirming whether or not videotape was taken of the vehicle and resultant search and the disposition of any such videotape;

(22) Affiant further authorizes James R. Davis to secure copies of any, and all, reports filed on behalf of El Dorado Hotel & Casino personnel, at all related to the incident in question; and

(23) Further Affiant sayeth naught.

_____
Affiant   *Marco Duncan*

SUBSCRIBED AND SWORN to before
me, a Notary Public this ___ day of April.



C. J. BROWN
Commission # 1532329
Notary Public - California
Merced County
My Comm. Expires Dec 6, 2008

*C.J. Brown*
Notary Public in and for the County
of Merced, State of California.

# DAVIS INVESTIGATIONS

PO Box 11303,
Reno, NV 89510-1303
Bus. Ph. (775) 826-4358
Fax No. (775) 826-5405
jimdavis19@sbcglobal.net

May 2, 2005

Marco Duncan #37679048
United States Penitentiary Atwater
PO Box 019000,
Atwater, CA 95301

Dear Mr. Duncan:

Today, Steve Cunningham of the El Dorado Hotel & Casino telephoned me and advised the following:

1. That a copy of video surveillance tape (taken in the garage) was turned over to Deputy Marshal David Gump;
2. That the El Dorado Hotel & Casino does not have the original, or a duplicate, of any surveillance videotape taken on the date in question;
3. That it is highly unlikely that any surveillance camera within the garage area would have been able to see into a car and have seen any scale if, in fact, it was even inside the passenger compartment of the car unless the camera was positioned very close in proximity to the car and even in that case it is doubtful that the camera would have been able to see into the car;
4. That El Dorado Hotel & Casino personnel were minimally involved in the incident in question;
5. That the only report on file is a "eighty-six/trespass report" with information pertaining to your having been advised not to frequent the casino again and that if you did so you would be facing a trespassing charge and
6. That the only way the El Dorado Hotel & Casino would release any such report would be if it was served a Subpoena Ducus Tecum.

In conclusion, it appears that you are not going to be able to obtain a copy of the videotape from the DEA without the assistance of the US Attorney's Office in Miami, FL. In that regard, I have authored a letter (copy enclosed) to the US Attorney's Office. Should I receive a response, I will forward any such response to you.

EXHIBIT A-1

Absent something I can do to persuade the US Attorney's Office to produce a copy of the videotape in question, my role in this matter is concluded.

Sincerely yours,

*James Davis*
James Davis,
Private Investigator

Cc: Michael Ufferman, Esq.

# EXHIBIT B

FREEDOM OF INFORMATION/PRIVACY ACT

REQUEST ACT OF 1974



From: Marco Duncan

USP ATWATER

PO BOX 019001

ATWATER, CA 95301

Pursuant to Title ¶ 5 § 552 and all other relevant sections and parts thereof, I the undersigned, also identified above in the upper right hand section hereby respectfully request the following information in relation to DEA file NO# KV-01-0014 AND [G-DEP Identifier no# XNC3R] File Title: Howard, Albert. Said information is in conjunction with My criminal case NO# 3;02cr20-RV In the Northern District of Florida:

(1) Any and all vehicle Impound forms, inventory list[s], related arrest reports and all information and a list of evidence seized by Special Agents Michael Bakios, Jerry Craig, Justin Dillard, Deputy Marshall David Gump and [GS] Mark Snyder in regards to the arrest of Marco Duncan at the EL Dorado Hotel and Casino at 345 N. Virginia, Reno, NV On 4/21/03.

(2) Any and all information in regards to any video surveillance seized from the EL Dorado Hotel Security by this agency or any agency in conjunction with the Arrest of Marco Duncan on 4/21/03. *specifically seized by Deputy Marshall David Gump*

As you are aware, Investigation records complied for law enforcement agencies are no longer generally exempted from disclosure, but may be inspected in camera by the United

EXHIBIT 8

States Court to determine whether they fall within any of the specified accepted categories of investigations records subscribed in the act.

If for any reason it is determined that portions of the materials requested are exempted under some recognizable category under the FOIA/Privacy Act of 1974, Then I request that any such exempted materials be indexed and itemized with a detailed justification for any exclusion made under the Authority of Vaughn v. Rosen, 484 F.2d. 820 (D.C.Cir. 1973) or other similar authorities.

Your Agency has 20 working days to respond to this request. In the event I do not receive your response in the time period prescribed by the rules of the Act. I will deem this formal request denied and seek Judicial review and remedy.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provision of 18 USC section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both, and that requesting or obtaining any record[s] under false pretenses is punishable under the provision of 5 USC 552a(i)(3) by a fine of not more than $5,000.

Signature *Marco Duncan*

Date: 7-14-05

# EXHIBIT C

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642                    Washington, D.C. 20530

APR 25 2006

Mr. Marco Duncan
Register No. 37679-048
United States Penitentiary
Post Office Box 019001
Atwater, CA 95301

Re:   Appeal Nos. 06-0466 & 06-0974
      Request Nos. 2005USMS8588 &
      2005USMS8601
      BVE:GLB:KAM

Dear Mr. Duncan:

    You appealed from the action of the United States Marshals Service on your request for access to records concerning your arrest at the El Dorado Hotel and Casino, Reno, NV, on April 21, 2003, and records on seized assets.

    After carefully considering your appeal, I have decided to provide you with the full release of one page, a copy of which is enclosed. I am, however, otherwise affirming the USMS's action on your request.

    These records are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.97 (2005). Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to the records you requested.

    The USMS properly withheld certain information that is protected from disclosure under the FOIA pursuant to:

    5 U.S.C. § 552(b)(2), which concerns matters that are related solely to internal agency practices;

    5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties; and

    5 U.S.C. § 552(b)(7)(E), which concerns records or information compiled for law enforcement purposes, the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.

    I have also determined that this material is not appropriate for discretionary release.

EXHIBIT C

-2-

In your appeal letter, you state that you specifically requested a copy of a video surveillance tape which was allegedly seized by Deputy United States Marshal Gump. Please note that, subsequent to your appeal letter, the USMS conducted a second search regarding the video surveillance tape and located no responsive records.

Finally, I am denying your request that we itemize and justify each item of the information withheld. You are not entitled to such a listing at the administrative stage of processing FOIA requests and appeals. See Judicial Watch v. Clinton, 880 F. Supp. 1, 10 (D.D.C. 1995).

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

Enclosure