UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARCO D. DUNCAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil  Action  No. 06-1032 (GK) |
| | ) | |
| **DRUG ENFORCEMENT ADMIN. &** | ) | |
| **U.S. MARSHALS SERVICE**, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pro se Plaintiff Marco Duncan is a federal prisoner, serving a life sentence. United States v. Duncan, 400 F.3d 1297, 1300 (11th Cir. 2005). Plaintiff's four-page "Affidavit in Opposition to Defendant's [sic] Motion for Summary Judgment" ("Opposition"), Document No. 20, fails to raise any issue preventing a grant of summary judgment for Defendants, the Drug Enforcement Administration (DEA) and the United States Marshals Service (USMS), in this Freedom of Information Act (FOIA), 5 U.S.C. § 552, case.  In fact, Plaintiff fails to address specifically the numbered paragraphs of Defendants' Statement of Undisputed Facts and thus the Court may deem those facts as admitted.  LCvR 7(h) and 56.1.  Plaintiff also fails to give any rationale whatsoever for his assertion that the withheld records "are not subject to a statutory exemption," Opp. at 1, ¶1.  Moreover, Plaintiff fails to address the issue of segregability and thus has conceded that Defendants have released all reasonably segregable records or portions of records in response to his FOIA requests.  The Court should bear in mind that the only withholdings in this case include the names and identifying information for government witnesses and informants, the names of investigating federal agents, and information about Defendants'

investigations and internal processes.  All of those withholdings were proper pursuant to FOIA's

statutory exemptions and, in fact, many of the withholdings protect the Defendants' critical law

enforcement information, personnel and operations.

I.    **Any Challenge to the Adequacy of the Defendants' Declarations is Based Upon Mere Speculation.**

Plaintiff fails to raise any specific challenge to Defendants' declarations.  Instead,

Plaintiff merely references, without citation or evidence, "agency misconduct, and bad faith."

Opp. at 2, ¶2.  See also Opp. at 2, ¶ 4 (claiming that there are "serious questions as to the veracity

and truthfulness of the agency's declarations").  It appears that Plaintiff bases these assertions on

a letter he claims to have received from someone he claims is a private investigator.  That letter,

in turn, states that an employee of a hotel in Reno, Nevada told the letter's author that a copy of a

surveillance videotape had been given to the USMS.  Pl. Ex. A-1.  The lack of evidentiary value

of that letter will be discussed in detail in Section II(B) of this Reply.  Plaintiff does not raise any

specific challenge to the sufficiency of Defendants' declarations, nor are his assertions to the

contrary based upon any admissible evidence.  Thus, Defendants are entitled to a grant of

summary judgment.

It is settled that a grant of summary judgment is proper on the basis of agency affidavits

(or declarations) if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by

evidence ... of bad faith on the part of the agency.'"  Public Citizen, Inc. v. Dept. of State, 100 F.

Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095,

1102 (D.C. Cir. 1983)); Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).  As

in the cases previously cited, there is no evidence of agency bad faith in this case and a grant of

summary judgment is proper.

II.     **Notwithstanding Plaintiff's Speculation about the Existence of a Videotape, Defendants Undertook a Proper and Legally Sufficient Search for Records Responsive to Plaintiff's FOIA Requests.**

Agencies are required to make a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. Department of the Army, 920 F. 2d 57, 68 (D.C. Cir. 1990). The fundamental "question is not 'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" Steinberg v. Dept of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. USDOJ, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). An agency can establish the reasonableness of its search by affidavits, so long as statements in those affidavits are sufficiently detailed, are non-conclusory, and are offered in good faith. Weisberg, 745 F. 2d at 1485; Perry v. Block, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of countervailing evidence, or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA. Perry, 684 F. 2d at 127.

A.     Defendants' Declarations Clearly Address the Videotape Issue.

The DEA explained that all relevant criminal investigative information maintained by DEA would be found in the DEA Investigative Reporting and Filing System (IRFS), JUSTICE/DEA-008. Wassom Decl. at ¶ 25. No other system of records maintained by DEA was reasonably likely to contain relevant investigative information. Id. IRFS is a DEA Privacy Act System of Records that contains all administrative, general and investigative files compiled by DEA for law enforcement purposes. Wassom Decl. at ¶ 26. Therefore, no other records

system within DEA is reasonably likely to contain investigation information responsive to

Plaintiff's requests.  Id.  In addition, the DEA declarant personally reviewed DEA investigative

files and found no evidence of the existence of any video surveillance of Plaintiff in the files.

Wassom Decl. at ¶ 33 ("With regard to the plaintiff's request for video surveillance, I reviewed

DEA Investigative File No. KV-01-0014.  I specifically reviewed all the Form-7as associated

with DEA Investigative File No. KV-01-0014, since any non-drug evidence seized or obtained in

the course of an investigation would be memorialized in a DEA Form-7a.  There is no record of

the existence of any video surveillance, or the recording of any surveillance by DEA in the case

file.").

　　　　Similarly, with respect to the USMS requests, the USMS conducted a search for records

on Plaintiff, by his name and/or personal identifier in the USMS offices he identified.  Bordley

Decl. at ¶ 5.  The USMS then expanded its search.  Id.  Like the DEA, the USMS declaration

specifically addressed the issue of any surveillance videotape.  Id. at ¶ 11 ("Plaintiff, in his

administrative appeals, emphasized the possible existence of additional records concerning him;

more specifically, a video surveillance tape supposedly seized as evidence during plaintiff's

arrest at a hotel and casino in Reno, Nevada.  As the result, the OGC consulted again with the

districts to confirm the existence and whereabouts of such information.   The district(s) advised

the OGC that while casinos are always tape recording, no video surveillance tape was requested

or obtained by the USMS from the casino where plaintiff was arrested.  The USMS had no

record of the video surveillance tape.").

　　　　While the initial burden rests with an agency to demonstrate the adequacy of its search,

see Weisberg, 705 F.2d at 1351, once that obligation is satisfied, the agency's position can be

rebutted "only by showing that the agency's search was not made in good faith," Maynard, 986

F.2d at 560 (citing Miller v. Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985)); Weisberg, 705

F.2d at 1351-52, because agency declarations are "entitled to a presumption of good faith.

Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)).  Consequently, a

requester's "mere speculation that as yet uncovered documents may exist does not undermine the

finding that the agency conducted a reasonable search for them."  Steinberg, 23 F.3d at 552

(quotation omitted).  Here, Plaintiff has not demonstrated any "bad faith" on the part of the

Defendants.  Instead, Plaintiff merely asserts the existence of "bad faith" based, at most, upon his

speculation.

       Plaintiff also argues that the Defendants mistakenly construed his FOIA requests too

broadly, as seeking any information whatsoever about him.  Opp. at 2, ¶ 5.  This argument is

irrelevant because it would then follow that Defendants' searches for responsive records actually

were more extensive than necessary.  To the extent that Plaintiff is arguing that the USMS

searched only for records of his seized assets and not records about those seized assets, he is

mistaken.  The USMS search of the CATS database is described in detail in the USMS

Declaration at ¶ 7 and includes "other information" and "material pertaining to seized assets."

Plaintiff simply asserts that the USMS search of its offices and of the CATS database could not

"reasonably produce records responsive to plaintiff's request."  Opp. at 3, ¶ 5.  Similarly,

Plaintiff argues that the DEA's search was inadequate.  Pl. Opp. at 4, ¶ 7.  The DEA's declaration

is very detailed and explains that the DEA searched a system of records that contains "all"

relevant files compiled by DEA and that no other records system was reasonably likely to contain

responsive information.  Wassom Decl. at ¶ 26.

Plaintiff also argues that the fact that the USMS made additional releases of records during the pendency of this litigation is evidence of its "bad faith." Opp. at 3, ¶ 6. In <u>Judicial Watch v. DOD</u>, 2006 WL 1793297 (D.D.C. June 28, 2006) (HHK), Judge Kennedy noted that the agency's recent search of additional offices "only strengthens the court's conviction that DOD's search was reasonable." <u>Id</u>. (citing <u>Meeropol v. Meese</u>, 790 F.2d 942, 953 (D.C. Cir. 1986) and stating that "performance of additional searches and subsequent releases of information indicates [the agency's] good faith").

> B.    <u>Plaintiff Has Failed to Put Forward Evidence Sufficient to Overcome Defendants'</u>
> <u>Motion for Summary Judgment</u>.

It is well settled that a party opposing summary judgment has an evidentiary burden to overcome. Fed. R. Civ. P. 56(e); <u>Neal v. Kelly</u>, 963 F.2d 453, 456-57 (D.C. Cir. 1992) (party opposing summary judgment must produce competent evidence to overcome properly-supported motion). Plaintiff, however, has not complied with the Court's Local Rules because he has failed to respond specifically to Defendants' Statement of Facts. Nor did Plaintiff submit his own statement of genuine issues for trial as is required by LCvR 56.1.[1]

Instead, Plaintiff's short Opposition is replete with unsupported, conclusory assertions. <u>See, e.g.</u>, Pl. Opp. at 2-4 (lacking any specific evidence for purported "bad faith" of Defendants). Similarly, his "affidavit," Ex. A, is conclusory and thus has little, if any, evidentiary value. In addition, that declaration fails to comply with the requirements of 28 U.S.C. § 1746.

---

[1] Local Rule 56.1 provides that: "An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement."

Accordingly, the factual assertions supporting Defendant's Motion should be accepted by the Court as true, because Plaintiff failed to submit any competent evidence contradicting Defendants' evidence.  See Burke v. Gould, 286 F.3d 513 (D.C. Cir. 2002); Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992); Fed. R. Civ. P. 56(e); LCvR 7(h).  Plaintiff was put on notice of these rules in Defendants' Motion, at note 1.

Similarly, Plaintiff's Ex. A-1, a letter to the Plaintiff, contains inadmissible double-hearsay and is completely lacking in foundation or even explanation.  Thus, it cannot create any genuine issue of material fact requiring further proceedings in this case.  The letter states that its author was given certain information by "Steve Cunningham of the El Dorado Hotel & Casino," whoever that is.  Pl. Ex. A-1 at 1.  The letter itself is inadmissible.  Even if the letter were admissible generally, the statement within the letter purportedly from Mr. Cunningham would still be inadmissible hearsay.

C.    Plaintiff's Argument about the Videotape Lacks Legal Significance.

Even if the Court accepts Plaintiff's Ex. A-1 as having evidentiary value, the conclusion that the letter is supposed to be supporting, that at one time the USMS had a copy of a surveillance videotape sought by Plaintiff, is legally irrelevant under the FOIA.  First, the fundamental question is not whether other records responsive to the requests might possibly exist.  Nation Magazine v. United States Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). In other words, "the focus of the adequacy inquiry is not on the results."  Hornbostel v. United States Dep't of the Interior, 305 F. Supp. 2d 21, 28 (D.D.C. 2003); Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986) ("[A] search is not unreasonable simply because it fails to produce all relevant material; no search . . . will be free from error."); Judicial Watch v. Rossotti, 285 F.

Supp. 2d 17, 26 (D.D.C. 2003) ("Perfection is not the standard by which the reasonableness of a

FOIA search is measured."); Boggs v. United States, 987 F. Supp. 11, 20 (D.D.C. 1997) (noting

that the role of the court is to determine the reasonableness of the search, "not whether the fruits

of the search met plaintiff's aspirations").

Second, even if Plaintiff were correct that the USMS once had a copy of the videotape, it

does not mean that the USMS now has a copy.  That is, summary judgment cannot be defeated

by an unsuccessful search for a specific document, so long as the search was diligent.  See Nation

Magazine, 71 F.3d at 892 n.7 ("Of course, failure to turn up [a specified] document does not

alone render the search inadequate."); Citizens Commission on Human Rights v. FDA, 45 F.3d

1325, 1328 (9th Cir. 1995) (adequacy of search not undermined by inability to locate 137 out of

1000 volumes of responsive material, absent evidence of bad faith, and when affidavit contained

detailed, nonconclusory account of search); Maynard, 986 F.2d at 564 ("'The fact that a document

once existed does not mean that it now exists; nor does the fact that an agency created a

document necessarily imply that the agency has retained it.'" (quoting Miller, 779 F.2d at 1385));

Piper v. USDOJ, 294 F.Supp.2d 16, 23-24 (D.D.C. 2003) (stating that because the "inquiry

regarding the adequacy of a search is the search itself and not the results thereof," the fact that

documents were missing is insufficient to rebut otherwise-adequate affidavits demonstrating the

reasonableness of the search).

### III.    Plaintiff Does not Raise Any Specific Challenge to Any of Defendants' Withholdings.

Plaintiff asserts, without explanation or support, that Defendants' withholdings are "not

subject to a statutory exemption."  Pl. Opp. at 1.  Defendants will not here repeat the extensive

discussion of the statutory bases for their withholdings that was set forth in Defendants'

previously-filed Memorandum at pages 8-19.  The fact that Plaintiff does not specifically address

the withholdings,[2] nor even explain his assertion that there is no basis for the withholdings,

constitutes a concession of this issue.  See, e.g., Stephenson v. Cox, 223 F. Supp.2d 119, 121

(D.D.C. 2002) ("when a plaintiff files a response to a motion to dismiss but fails to address

certain arguments made by the defendant, the court may treat those arguments as conceded, even

when the result is dismissal of the entire case.").

IV.    **Plaintiff Fails to Address Segregability**.

       Similarly, Plaintiff fails even to address, and thus has conceded, that Defendants have

released all "reasonably segregable" information.  See 5 U.S.C. § 552(b); Mead Data Cent., Inc.

v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).  Defendants

addressed this issue in detail in their Memorandum and will not repeat that discussion here.

---

       [2] Plaintiff's Opposition does not specifically mention any statutory exemption
whatsoever.  Defendants' Memorandum and declarations, on the other hand, carefully explained
the applicability of FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(F), and section (j)(2)
of the Privacy Act.

## CONCLUSION

As set forth above, the Defendants have responded properly to Plaintiff's FOIA requests and have complied with their obligations under the FOIA. Accordingly, the Court should grant Defendants' Motion for Summary Judgment and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

_____s/Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____s/Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____s/Peter S. Smith_____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

## CERTIFICATE OF SERVICE

**I  HEREBY  CERTIFY** that on this 16th day of January, 2007, a true and correct copy of

the foregoing Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment was

served upon Plaintiff **MARCO D. DUNCAN,**  via First Class prepaid postage as follows:

> **MARCO D. DUNCAN**
> **#37679-048**
> **U.S. Penitentiary - Atwater**
> **P.O. Box 019001**
> **Atwater, CA 95301**

                                      /s Peter Smith

                            _____
                            PETER S. SMITH,  D.C. Bar #465131
                            Assistant United States Attorney
                            United States Attorney's Office
                            Civil Division
                            555 4th Street, N.W.
                            Washington, D.C. 20530
                            (202) 307-0372