# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARCO D. DUNCAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-1032 (GK)** |
| ) | |
| **DRUG ENFORCEMENT** ) | |
| **ADMINISTRATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION

Marco D. Duncan, proceeding *pro se*, filed this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, appealing the disposition of his records requests by the Drug Enforcement Administration ("DEA") and the United States Marshals Service ("USMS"). Defendants have filed a motion for summary judgment and plaintiff an opposition to the motion. For the following reasons, the Court will grant Defendants' motion.

## I. BACKGROUND

### A. DEA

On July 14, 2004, Plaintiff sent a request to the DEA for the following records: DEA Forms 6, inventory reports, arrest reports, a list of evidence sized by DEA agents and United States Marshals during Plaintiff's arrest on April 21, 2003, and any information regarding video

surveillance tapes seized from the El Dorado Hotel in conjunction with Plaintiff's arrest. Decl. of Leila I. Wassom Ex. A. The DEA treated Plaintiff's request as one seeking all records pertaining to him. *Id.* Ex. K. On August 11, 2004, the DEA released 29 pages of records to Plaintiff. *Id.* Ex. B. The DEA withheld 12 pages of records pursuant to FOIA Exemptions 2, 7(C), 7(D), and 7(F), and the Privacy Act. *Id.* Ex. C. The DEA made two supplemental releases of documents on September 18 and 27, 2006. *Id.* Ex. D & E. In these releases, the agency disclosed portions of three documents previously withheld and released another page in its entirety. *Id.*

On July 5, 2005, Plaintiff sent another FOIA request to the DEA for any and all materials from the central file related to him. *Id.* Ex. F. In response, the DEA told the Plaintiff that the agency had already provided this information to him and had no further responsive records. *Id.* Ex. H. On October 17, 2005, Plaintiff appealed this decision to the Office of Information and Privacy ("OIP"), requesting his entire file and a *Vaughn* index of the documents. *Id.* Ex. I. The OIP affirmed DEA's disposition of Plaintiff's records request. *Id.* Ex. K.

The USMS referred 11 pages of documents found during its search to the DEA. *Id.* Ex. L & Ex. O. On December 15, 2005, DEA released four of these referred pages in part, invoking FOIA Exemptions 2, 7(C), and 7(F), and the Privacy Act. *Id.* Ex. N. The remaining pages were referred back to the USMS for further processing. *Id.* Ex. R & Ex. S.

**B. USMS**

On July 14, 2005, Plaintiff sent a request to the USMS seeking records pertaining to himself and the assets that were seized from him by the agency. Decl. of William E. Bordley Ex. 1. The USMS located 256 pages of documents pertaining to Plaintiff in the agency's district offices. *Id.* ¶ 6. The USMS released 148 pages to Plaintiff, 97 pages in their entirety, and 51 pages with

information excised pursuant to Exemptions 2, 7(C), and 7(E).  *Id.* Ex. C-1.  The remaining records

were referred to the Bureau of Prisons ("BOP"), DEA, Federal Bureau of Investigation ("FBI"), and

the Executive Office for United States Attorneys ("EOUSA") because the pages had originated with

those agencies.  *Id.* Ex. C-1

The USMS also searched for the seized asset information requested by Plaintiff.  *Id.* Ex. C.

The agency located ten pages of records responsive to Plaintiff's request.  *Id.* Ex. C.  Three pages

were referred to the DEA, and 7 redacted pages were released to Plaintiff.  *Id.*  The USMS cited

Exemptions 2 and 7(C) to justify withholding information in these records.  *Id.*

Plaintiff appealed this decision to the OIP.  *Id.* Ex. D  and Ex. D-1.  In his appeal, Plaintiff

noted that the USMS had not addressed his request for information about video surveillance at a

hotel and casino in Reno, Nevada.  *Id.* Ex. D-1.  The agency conducted an additional search of its

files, but did not locate any video surveillance evidence.   Decl. of William E. Bordley ¶ 11.  The

OIP affirmed the USMS's disposition of Plaintiff's FOIA request.  *Id.* Ex. E.

On June 28 and June 30, 2006, the USMS informed Plaintiff of its determination regarding

the documents referred to the other agencies.  *Id.* Ex. F and Ex. G.  The USMS informed Plaintiff

that the referred records were being released to him, except for the names, addresses, telephone

numbers, and other information on USMS and other government employees, third-party individuals,

confidential sources and related information exempt from disclosure pursuant to exemptions 7(C),

7(D), and 7(F).  Bordley Decl Ex. F & ¶¶ 14, 16.

## II. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if

the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

56(c).  Material facts are those that "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment

bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

    In considering whether there is a triable issue of fact, the Court must draw all reasonable

inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at  255.  The party opposing a

motion for summary judgment, however, "may not rest upon the mere allegations or denials of the

adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue

for trial."  Fed. R. Civ. P. 56(e).  The non-moving party must do more than simply "show that there

is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith*

*Radio Corp.,* 475 U.S. 574, 586 (1986).  Moreover, "any factual assertions in the movant's affidavits

will be accepted as being true unless [the opposing party] submits his own affidavits or other

documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992)

(quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

    In a FOIA case, the Court may award summary judgment solely on the basis of information

provided by the department or agency in affidavits or declarations when the affidavits or declarations

describe "the documents and the justifications for nondisclosure with reasonably specific detail,

demonstrate that the information withheld logically falls within the claimed exemption, and are not

controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military*

*Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  An agency must demonstrate that "each

document that falls within the class requested either has been produced, is unidentifiable, or is

4

wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339,

352 (D.C. Cir. 1978) (citation and quotation omitted).

### III. ANALYSIS

### A. Adequacy of the Agency Searches

To obtain summary judgment on the issue of the adequacy of the search for records under

FOIA, an agency must show "viewing the facts in the light most favorable to the requester, that . .

. [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg*

*v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. Dep't of*

*Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).   To meet its burden, the agency may submit

affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope

and method of the agency's search.  *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982).   In the

absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an

agency's compliance with FOIA.  *Id.* at 127.  The agency must show that it made a "good faith effort

to conduct a search for the requested records, using methods which can be reasonably expected to

produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness.

*Id.*

### 1. DEA

According to the declaration provided by the DEA, all documents responsive to Plaintiff's

FOIA request were likely to be found in the DEA's Investigative Reporting and Filing System

("IRFS").  Decl. of Leila I. Wassom ¶ 25.  The IRFS contains all of DEA's investigative reports and

files compiled for law enforcement purposes.  *Id.* ¶ 26.  The IRFS is accessed through the DEA

Narcotics and Dangerous Drug Information System ("NADDIS").  *Id.* ¶ 27.

In this case, a NADDIS inquiry was conducted in response to Plaintiff's requests for information about himself and his criminal case using Plaintiff's name, social security number and date of birth.  *Id.* ¶ 28.  The DEA located a single investigative file referring to Plaintiff, containing 43 pages of responsive records.  *Id.* ¶ 30.

### 2. USMS

In processing plaintiff's FOIA request, the USMS searched for records in his name at the individual district offices specified by plaintiff as well as two other offices determined to have records on Plaintiff.  Decl. of William E. Brodley ¶ 5.  According to the agency, these locations could reasonably be expected to contain records responsive to Plaintiff's request.  *Id.*  The search included the Prison/Processing and Population Management/Prisoner Tracking System ("PPM/PTS") system of records and the Warrant Information Network ("WIN").  *Id.* ¶ 6.  The records are accessed by an individual's name or other personal identifier.  *Id.*  Searching these databases, the USMS located 256 pages of documents pertaining to Plaintiff.  *Id.*

In response to Plaintiff's request for seized assets information, the USMS searched its Asset Forfeiture Office records.  *Id.* ¶ 7.  Information regarding seized assets is maintained in the Department of Justice Consolidated Asset Tracking System ("CATS").  *Id.*  The database includes the asset location and identification, the name and the address of the owner, and the probable cause and statutory basis for the seizure.  *Id.*  In this case, the agency searched CATS by Plaintiff's civil case number and the agency's case number.  *Id.*  The USMS located 10 pages of records responsive to Plaintiff's request.

### 3. Conclusion

It is apparent from the declarations submitted by the agency representatives that the Defendants have made a "good faith effort to conduct a search for the requested records, using methods which reasonably can be expected to produce the information requested." *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C. 1996) (citing *Oglesby*, 920 F.2d at 68). No more is required. Therefore, Defendants' searches for Plaintiff's requested records were adequate to fulfill Defendants' obligations under FOIA.

The Court will next review whether the Defendants properly claimed that certain records were exempt from disclosure under the statute.

### B. Exemption 2

Exemption 2 protects materials that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). This exemption protects materials involving internal agency matters so routine or trivial that they could not be "subject to . . . a genuine and significant public interest," and internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 369-70 (1976); *Schiller v. NLRB*, 964 F.2d 1205, 1206 (D.C. Cir. 1992).

Under this exemption, the DEA refused to disclose the Geographical Drug Enforcement Program ("G-DEP") codes and NADDIS numbers, including numbers assigned to confidential informants. Decl. of Leila I. Wassom ¶54. The codes and numbers are part of DEA's internal system of identifying information and individuals. *Id.* The codes are assigned to all cases and indicate the classification of the violator, the types and quantities of drugs involved, and the suspected location and breath of the criminal activity. *Id.* ¶ 54(a). According to the DEA, the disclosure of these codes would help identify the priority given to particular investigations, the types of criminal activities

involved, and violator ratings. *Id.* ¶ 55. In addition, disclosure of the codes could allow suspects to avert detection and apprehension by the DEA. *Id.*

The USMS applied this exemption to internal agency case numbers used by investigative agencies to link asset records to ongoing investigations or litigation, and the internal website address for CATS. Decl. of William E. Bordley ¶ 17. Release of these numbers would enable members of the public to link assets to investigations, compromise law enforcement actions, and would risk circumvention of the law. *Id.*

There is no significant public interest in the disclosure of the types of law enforcement codes that the DEA and USMS have withheld under Exemption 2. *See Lesar v. United States Dep't of Justice,* 636 F.2d 472, 485-86 (D.C. Cir. 1980); *Coleman v. FBI,* 13 F. Supp. 2d 75, 79 (D.D.C. 1998); *Watson v. United States Dep't of Justice,* 799 F.Supp. 193, 195 (D.D.C. 1992). The Court finds that there is not a public interest sufficient to override the agency's appropriate interest in maintaining the secrecy of their internal procedures. This internal agency information was properly withheld from Plaintiff.

## C. Exemption 7(C)

Exemption 7(C) concerns the privacy interests of third parties and requires the Court to balance such privacy interests against the public interest in disclosure of the records. *Nat'l Archives and Records Admin. v. Favish,* 541 U.S. 157, 171 (2004); *United States Dep't of Justice v. Reporters Comm. for Freedom of Press,* 489 U.S. 749, 773-75 (1989). The exemption protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C). In order to properly withhold materials under this exemption, two components must

8

be satisfied: (1) the materials are law enforcement records; and (2) disclosure of the material would involve an invasion of a third party's privacy. *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982); *Dipietro v. Executive Office for U.S. Attorneys*, 357 F. Supp. 2d 177, 184 (D.D.C. 2004).

The DEA and USMS have asserted this exemption to withhold personal information on third parties who were involved with or associated with the investigation of Plaintiff, the identities of federal, state and local law enforcement officials, and names and numbers of prisoners in the USMS's custody. Decl. of Leila I. Wassom ¶ 65; Decl. of William E. Bordley ¶ 18-19.

The deletion of the names and identifying information of federal, state and local law enforcement personnel under similar circumstances has been routinely upheld. *See Lesar*, 636 F.2d at 487 (finding legitimate interest in preserving identities of government officials where disclosure could subject them to annoyance or harassment in either their official or private lives); *Pray v. Dep't of Justice*, 902 F.Supp. 1, 3 (D.D.C. 1995)(possibility of animosity toward FBI agents outweighed any possible benefit of disclosure), *aff'd in relevant part,* 1996 WL 734142 (D.C. Cir. Nov. 20, 1996). In addition, the names and identities of individuals of investigatory interest to law enforcement agencies and those merely mentioned in law enforcement files have been consistently protected from disclosure for the reasons Defendants assert here. *See Perrone v. FBI*, 908 F.Supp. 24, 26 (D.D.C. 1995) (citing *Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. at 779); *Baez v. Dep't of Justice*, 647 F.2d 1328, 1338 (D.C. Cir. 1980); *Branch v. FBI*, 658 F.Supp. 204, 209 (D.D.C. 1987).

In cases involving personal data on private citizens in law enforcement records, "the privacy interest ... is at its apex." *Reporters Comm.*, 489 U.S. at 780. The names and identities of individuals of investigatory interest to law enforcement agencies and those merely mentioned in law

enforcement files are protected from disclosure. *Baez v. Dep't of Justice*, 647 F.2d 1328, 1338 (D.C. Cir. 1980); *Perrone v. FBI*, 908 F.Supp. 24, 26 (D.D.C. 1995) (citing *Reporters Comm.*, 489 U.S. at 779); *Branch v. FBI*, 658 F.Supp. 204, 209 (D.D.C. 1987). "Exemption 7(C) takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity." *Dunkelberger v. Dep't of Justice*, 906 F.2d 779, 781 (D.C. Cir.1990) (citations and quotations omitted); *see also Computer Prof'ls for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir.1996) ("records contain[ing] the names of informants, witnesses, and potential suspects who are relevant to its criminal investigation . . . clearly fall within the scope of Exemption 7(C)"). The Court concludes that the DEA and USMS have properly invoked Exemption 7(C) to protect the privacy interests of third parties.

Having determined that Defendants have properly asserted a privacy interest under Exemption 7(C), the Court must balance the privacy interest of the individual mentioned in the record against the public's interest in disclosure. *Favish*, 541 U.S. at 172. Once a privacy interest is identified under Exemption 7(C), the FOIA records requester must establish that (1) the public interest is a significant one; and (2) the information is likely to advance that interest. *Id.* The requester must provide evidence that would warrant a belief by a reasonable person that the alleged government impropriety might have occurred. *Id.* at 174.

"[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir.1992) (quoting *Reporters Comm.*, 489 U.S. at 773). Details that "reveal little or nothing about an agency's own conduct" are not part of the public interest for

purposes of Exemption 7(C). *Blanton v. United States Dep't of Justice*, 63 F. Supp. 2d 35, 45 (D.D.C. 1999) (quoting *Davis*, 968 F.2d at 1282)).  In the absence of any evidence that the government agency has engaged in illegal activity, information that interferes with a third party's privacy is exempt from disclosure. *Spirko v. United States Postal Serv.*, 147 F.3d 992, 999 (D.C. Cir. 1998); *Voinche v. FBI*, 46 F. Supp. 2d 26, 33 (D.D.C. 1999).

Plaintiff has not identified a public interest or alleged any agency misconduct.  Therefore, the  DEA and USMS properly withheld the records under Exemption 7(C).[1]

## D. Exemption 7(D)

Exemption 7(D) of FOIA protects from disclosure those records or information compiled for law enforcement purposes that

> could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis,  and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation . . . information furnished by a confidential source.

5 U.S.C. § 552 (b)(7)(D).

To invoke Exemption 7(D), an agency must show either that a source provided the information to the agency under express assurances of confidentiality or that the circumstances support an inference of confidentiality. *U. S. Dep't of Justice v. Landano*, 508 U.S. 165, 179-81 (1993).  To establish the former, an agency must present probative evidence that the source did in fact receive an express grant of confidentiality. *Antonelli v. BATFE*, No. 04-1180, 2006 WL 367893, at * 6 (D.D.C. Feb. 16, 2006)(citing *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 34 (D.C. Cir.

---

[1] Since the Court finds that non-disclosure of the identities of law enforcement officials is justified under Exemption 7(C), there is no need to decide whether non-disclosure was appropriate under the DEA's alternative rationale, Exemption 7(F).

1998)). "Such evidence can take a wide variety of forms, including notations on the face of a withheld document, the personal knowledge of an official familiar with the source, a statement by the source, or contemporaneous documents discussing practices or policies for dealing with the source or similarly situated sources." *Id.*

Under this exemption, the DEA withheld information about coded confidential informants. Decl. of Leila I. Wassom ¶ 70. Coded informants are individuals who have a continuous cooperative relationship with the DEA. *Id.* ¶ 71. Such individuals are expressly assured confidentiality in their identities and the information they provide to DEA. *Id.* The coded informants are also assured that their names will not appear in DEA investigative files and that they will be given an identification code. *Id.*

The DEA has provided sufficient evidence that the informants were each given an express assurance of confidentiality by the agency. The affidavit provided by the DEA and the accompanying exhibits establish the policies and practices of the DEA regarding informants and the application of those guidelines to the informants in this case. The information was properly withheld under Exemption 7(D).

**E. Exemption 7(E)**

Exemption 7(E) protects from disclosure information compiled for law enforcement purposes where release of the information "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. §552(b)(7)(E). Thus, for information to be properly withheld under this exemption, a court must find that (1) the information was compiled for law enforcement purposes; and (2) release of

the information could reasonably be expected to circumvent the law. *FBI v. Abramson*, 456 U.S. 615, 622 (1982); *Edmonds v. FBI*, 272 F. Supp. 2d 35, 56 (D.D.C. 2003).

Under this exemption, the USMS withheld information regarding the techniques and procedures utilized in locating fugitives. Decl. of William E. Bordley ¶ 20. The agency asserts that disclosure of this information would allow the general public to determine the investigative guidelines and procedures applied in a specific case, such as the one at issue here, and would allow fugitives to circumvent the law and avoid detection. *Id.*

The agency's declaration clearly sets out the type of documents involved and how disclosure of these techniques and practices could create a risk of circumvention of the law. The Court concludes, therefore, that the records were properly withheld under Exemption 7(E).

### F. Referral of Records

While conducting a search for documents responsive to Plaintiff's FOIA requests, the DEA and USMS discovered documents that had originated with other agencies. The documents were referred to those agencies for processing. In situations such as this, the court must determine whether the referrals resulted in the improper withholding of documents. *Peralta v. United States Attorney's Office*, 136 F.3d 169, 175 (D.C. Cir. 1998); *Maydak v. U.S. Dep't of Justice*, 254 F. Supp. 2d 23, 40 (D.D.C. 2003).

The information withheld from the referred documents is the same or virtually identical to the records the Court has determined herein to be exempt from disclosure. Therefore, the Court finds that the referral of the documents and the withholdings were in compliance with FOIA requirements.

### G. Segregability

If a record contains information that is exempt from disclosure, any reasonably segregable

information must be released after deleting the exempt portions, unless the non-exempt portions are

inextricably intertwined with exempt portions. *Trans-Pacific Policing Agreement v. United States*

*Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C. Cir. 1999); 5 U.S.C. § 552(b). A District Court in

a FOIA case has "an affirmative duty to consider the segregability issue *sua sponte*." *Trans-Pacific*

*Policing Agreement*, 177 F.3d at 1028. An agency must provide a detailed justification and not just

conclusory statements to prove that it has released all reasonably segregable information. *Judicial*

*Watch, Inc. v. U.S. Dep't of Justice*, No. 01-639, 2006 WL 2038513, at *2 (D.D.C. July 19, 2006).

Having reviewed the declarations of Defendants, the Court concludes that the agencies have

withheld only the records or portions of records exempt under FOIA's provisions, and that all

reasonably segregable material has been released. *See* Decl. of Leila I. Wassom ¶¶ 76-82; Decl. of

William E. Bordley ¶ 21.

### H. Privacy Act

The Privacy Act requires that each covered agency "maintain all records which are used by

the agency in making any determination about any individual with such accuracy, relevance,

timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the

determination." 5 U.S.C. § 552a(e)(5). However, an agency may promulgate regulations to exempt

any of the agency's systems of records from certain parts of the Privacy Act, if the system of records

is:

> maintained by an agency or component thereof which performs
> as its principal function any activity pertaining to the
> enforcement of criminal laws, including . . . correctional,

14

> probation, pardon, or parole authorities, and which consists of
> . . . reports identifiable to an individual compiled at any stage
> of the process of enforcement of the criminal laws from arrest
> or indictment through release from supervision.

5 U.S.C. § 552a(j)(2).   Pursuant to this authority, regulations have been promulgated to

exempt the systems of records at issue here from the access provisions of the Privacy Act.

*See* 28 C.F.R. § 16.98 (DEA); 28 C.F.R. § 16.101 (USMS); *see also* Decl. of Leila I. Wassom ¶¶ 49,

50; Decl. of William E. Bordley ¶ 6.   Therefore, Plaintiff does not have a viable Privacy Act claim

for the records he has requested from the Defendants.

.

### IV. CONCLUSION

Based on the foregoing, Defendants' motion for summary judgment will be

granted.   A separate order accompanies this Memorandum Opinion.


/s/
GLADYS KESSLER
United States District Judge


DATE: May 30, 2007

15